THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MARY GARDOWSKI, ALIAS MARIA YERGOFSGY, PLAINTIFF IN ERROR.

Submitted October term, 1927—Decided January 31, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *William Reich.*

For the defendant in error, *George M. Hillman,* prosecutor of the pleas.

PER CURIAM.

There are three indictments in this case and three writs of error. The charge laid against the defendant is that she did on the 22d, 24th and 26th days of January, 1927, in the township of Florence, Burlington county, New Jersey, and within the "jurisdiction of this court, did maliciously and without lawful justification, with intent to cause or procure the miscarriage of one Anna Lawrence, a woman then pregnant with child, use an instrument or instruments, the name or names of which said instrument or intruments is to this grand jury unknown, contrary to the form of the statute in such case made and provided."

The statute (2 *Comp. Stat.*, p. 1784, § 119) provides that causing a miscarriage is a high misdemeanor. "Any person who maliciously or without lawful justification, with intent to cause or procure the miscarriage of a woman then pregnant with child, shall administer to her, &c., or who shall use any instrument or means whatever, with like intent, shall be guilty," &c.

The three indictments, by consent, were tried together, resulting in a verdict of guilty.

Five specifications of the causes relied upon for a reversal of the judgment were filed—first and third, error by the trial court in refusing to direct a verdict of acquittal, on the ground that the evidence adduced by the state established that the crime of abortion, if any, was committed in Trenton, Mercer county, New Jersey; second, error by the trial court in ordering Dr. Frank, a medical witness for the plaintiff in error, to leave the court room; fourth and fifth, error in refusing to charge as requested; sixth, the verdict of the jury was against the weight of the evidence.

The argument is that the miscarriage or crime of abortion, if any, was committed on the 19th of January, 1927, in Trenton, in the county of Mercer, New Jersey, for that purpose, the testimony of Anna Lawrence is cited in the brief, the pertinent parts of which are as follows: "*Q.* Did you have a miscarriage? *A.* Yes. *Q.* When? *A.* When I went to her house and she opened my womb up the match was in me. *Q.*

When did it come away from you? *A.* About two o'clock at night. *Q.* When? *A.* January 19th. *Q.* Do you understand what I mean? Did you lose your child? Did it come away from you? *A.* I cannot understand. *Q.* Did you get rid of the child? *A.* Yes, I did. ˙ *Q.* When did that come away from you? *A.* After she opened my womb. *Q.* When? *A.* On the 19th of January. *Q.* Did anything come away from you? *A.* Yes, sir. *Q.* What came away from you? *A.* A child. *Q.* When did that come away? *A.* Two o'clock at night. *Q.* Was that before she came down to Roebling? *A.* I was there on the 19th and on the 20th. I discharged at two o'clock. *Q.* When did she come to Roebling? *A.* The 22d, 24th, 26th. She was there twice. *Q.* Did anything come away from you after she had been down to Roebling these times? *A.* Yes. *Q.* What came away then? *A.* I was discharging for a while, that is all. *Q.* When next did you see her after that? *A.* On the 22d of January she was to my house. *Q.* Your house in Roebling? *A.* Roebling, New Jersey. *Q.* And when she came to your house in Roebling, on the 22d of January, what did she do? *A.* She made a big lump—took a match and then a bunch of gauze, first put cotton on the match and gauze, and tied a string on it and left it about that long [indicating], and told me to put it into me and leave it in me two and half days. *Q.* She came down to Roebling? *A.* Yes. *Q.* And put this into you? *A.* Yes. *Q.* You mean into your private parts? *A.* Yes. *Q.* What did she do in Roebling? *A.* The same thing—put in a match with cotton around it and told me to leave it in a day and a half or two days, but I could not leave it in after ten o'clock. *Q.* What do you mean, the same thing? *A.* Put a match in, with the cotton, and on the 26th she came and did the same thing, and told me that if I did not be better to let her know. They took me to Trenton hospital on the 26th. I came home on the 2d of February."

Dr. Richard Anderson testified at page 33 of the record: "*A.* I cannot imagine it being inserted for any cause except some illegal cause. *Q.* What do you mean by 'illegal cause'?

*A.* I mean to procure an abortion, after a miscarriage there would not be any other occasion for inserting a match stick."

To the same effect is the testimony of Dr. Geza Frank at pages 91 *et seq.* of the record, and Dr. Harold E. Longsdorf, pages 58 and 59. "*Q.* And in your opinion it would probably require forty-eight hours for the miscarriage to be produced? *A.* Yes."

Maria Dudor, at page 28 of the record, testified as to what the defendant did on January 22d and again on Monday, 24th, at Roebling, to Anna Lawrence, corroborating her testimony.

On this testimony it was open to the jury to find that Anna Lawrence was pregnant on January 22d, on January 24th and January 26th; that on each of these days, and while she was pregnant, the defendant performed an operation upon her with instruments with intent to cause or produce a miscarriage.

The fact that one operation may not be successful does not affect the legal aspect of the case. The jury had a right to find that Anna Lawrence was mistaken when she testified; that the foetus had been expelled on January 20th, 1927, as has been said, we have no test of the truth of human testimony except its conformity to our knowledge, observation and experience. This disposes of the vital point in the case. The other specifications for causes of reversal call for no extended discussion. Our consideration of them leads us to the conclusion that none of them are of substantial merit.

The judgment of the Burlington County Court of Quarter Sessions is affirmed.